Our first case today is 4-14-0979, People's State of Illinois v. Shannon Campbell. For the appellant, it's Attorney David Manchin. For the appellee, it's Attorney Amanda Kimmel. Mr. Manchin, you may proceed. Thank you, Your Honor. This is an appeal from a suppression order, but the court below and the standard of review is deniable because the facts were not disputed in this case. This is purely a legal matter. This case involves a legal stop of the defendant, followed by a determination by the police officer that the driver, the defendant in this case, was driving without a license, and that the car was therefore subject to mandatory impoundment under the statutes and under the rules of the Champaign Police Department regarding towing and impoundments of vehicles. The question is, there are two questions in the suppression order. Was the initial seizure proper and was the subsequent search proper? In this case, if the vehicle was properly seized as subject to impoundment, everything else is legal. Because if the car is subject to impoundment, it is also subject to the inventory search, which is where the weapon was discovered in plain view when the door was first opened. In this case, there was a mandatory impoundment requirement of this vehicle. Therefore, everything that followed from that was proper. The trial court commingled the question of the initial decision to seize with the question of whether the subsequent search was proper. Since the seizure was proper, the mandatory impoundment, everything else follows legally. The conflict with the other rule in the Champaign regarding when a car can be towed does not come into play in this situation because it is a mandatory. The officer did not have any discretion but to impound the vehicle. Was it on private property? It was on property property. So how does it not come into play? There are two separate provisions. One for requiring the police officer to impound the vehicle. If he's required to impound the vehicle, he has to take it into custody, he has to do the inventory, and he has to tow it. There's no ifs, ands, or buts about it. The other one deals with other situations where there is not a mandatory impoundment involved. Does it say that? It does not say that, but a good faith interpretation of the conflicting provisions would lead to that conclusion because the statutes and the procedure guide says that the car, in the situation we have here, the car is to be impounded. What's the basis for such a rule when the owner, with a valid license, is present on private property with his own vehicle? I'm not quite sure. It's just simply the law is that under this circumstance the car is to be impounded. Well, it's not the law. You're relying on some policy and procedure of the Champaign Police Department, right? Well, but that police department policy is also based upon case law, which has held that where a car is, that impoundment is proper, where the driver is driving with his license revoked. Well, I don't have any problem with that if there's not the true owner of the vehicle present who has a valid driver's license. Well, I don't recall the record ever indicating whether or not the owner had a valid license. I believe so. And the officer was aware of that prior to beginning the search. Again, the case law says that generally speaking, when a car is being driven by an unlicensed driver, it is to be impounded. And the procedure adopted by the Champaign Police Department is consistent with that law. And it was a mandatory impoundment situation, so the officer properly impounded it and properly followed the procedures that he followed in that situation. What you just described is case law in that situation where you have a situation with an unlicensed driver. What if the owner of the vehicle, who is also licensed, we don't know for sure, at least from what I've read in the briefs, whether or not the owner who is present, who is also licensed, is present, why would impoundment be necessary in that circumstance? Just the general policy behind the impoundment of the vehicle being driven by an unlicensed driver. It's just the danger perceived by the courts, by the legislature in these dealings, creating the statute law for impoundment of vehicles driven by unlicensed drivers. Just one other point here. In reviewing your brief, I don't see a points and authorities section. I may be missing it, but just in terms of the page numbers, it looks like I'm not missing something. Well, in the copy that I have, we did have a points and authority. I don't know if there is a mistake that it didn't get all the copies, that it didn't include one or not. If there is, I apologize. The copy I do have, which was printed at the same time, does have the points and authority. If there was... Thank you. Mr. Manchin, I may have misspoken because I think what the evidence showed was he had insurance. Yeah, insurance. But there was no evidence that he was not licensed. From my recollection of the record, there is no evidence that he was licensed, and I don't recall any testimony as to whether he was able to drive or intoxicated or anything like that. I don't think it was ever asked by anybody. The only thing that was testified to was that there was insurance on the vehicle. And it was on private property, not blocking anything or that kind of thing. Right. Thank you. Thank you, Mr. Manchin. Ms. Kimmel? May it please the Court, Counsel, I'm Amanda Kimmel with the Office of the State Appellate Defender here on behalf of Mr. Shannon Campbell. Your Honors, an inventory search is a judicially created exception to the warrant requirements of the Fourth Amendment. Here, the Champaign Police Department's own policies and procedures specifically prohibited the removal of the vehicle driven by Mr. Campbell from the private property on which it was parked. Because as Your Honors discussed, the owner of the vehicle was present. He had valid registration for the vehicle as well as valid insurance for the vehicle. This Court should affirm the decision in the trial court granting the motion for summary judgment for two reasons. First, the impoundment of the vehicle was not lawful. Neither the Illinois Vehicle Code nor the Champaign Municipal Code required the immediate impoundment of the vehicle. And second, the police's own policies and procedures specifically prohibited the removal of the vehicle from private property. Therefore, there is no justification for the police toe making the impoundment and resulting inventory search unlawful. The threshold question here is whether the impoundment was lawful. Police's caretaking function, which is their authority for removing cars, impounding cars, is the basis for an impoundment and the police's caretaking function on private property is very limited. And that is seen in the Illinois Vehicle Code as well as in the police's own policies and procedures. The Illinois Vehicle Code only requires the immediate impoundment of a vehicle driven with a suspended license if that vehicle also doesn't have insurance. And that's because an uninsured vehicle cannot be driven lawfully by anyone. It's tantamount to a disabled vehicle. The Champaign Municipal Code incorporates the Illinois Vehicle Code and does not require the immediate impoundment of a vehicle in this situation. Moving to my second point, that the Champaign Police Department's own policies and procedures do not require the impoundment of this vehicle. There's a very specific provision regarding towing off of private property. And there it says officers may only tow vehicles off private property under the following circumstances. That word only is not only underlined, it's also in all capital letters. And the requirements for towing off private property in this situation are the driver's been arrested for driving with a revoked or suspended license, which is the case here. The owner of the vehicle does not have valid insurance and a corresponding hold has been placed on the vehicle. Here, Mr. Fly, the van owner, was present and had valid insurance. Moreover, there was no testimony regarding any corresponding hold placed on the vehicle. And this policy of the Champaign Police Department really parallels the Illinois Vehicle Code provision as well as the existing case law regarding impoundment on private property. This court in People v. Manhattan determined that an impoundment was not lawful when an individual was arrested and their vehicle was parked at a motel parking lot. A motel employee actually requested that the police remove the vehicle. This court determined that impoundment was not lawful because there was no legal justification because the police's caretaking function is very limited on private property. Counsel, what about this other provision of the Municipal Code? How do you consider that one and the one that you talked about with private property? Are they in conflict or are they just separate in terms of different applications, one being on private property and the other not? I would argue that they are not in conflict. The language of the impoundment provision, which you're discussing, uses the term shall be subject to impoundment for various code violations. And that actually cites to the Municipal Code and the Illinois Vehicle Code. So the Municipal Code uses the same shall be subject to language. In the police's own policies and procedures, there's also a provision entitled mandatory towing. And that uses the language shall tow. So the difference in the language there between those two provisions indicates that the drafters had a different intent, one being a mandatory towing provision versus the impoundment provision, which is permissive rather than mandatory. And that's actually seen in multiple cases besides just that shall be subject to language of the impoundment provision. In the driving on a suspended or revoked license section of the impoundment provision, it allows a supervisor to authorize the release of a vehicle to a parent or guardian if a parent or guardian is present. Moreover, a more general provision on probable cause also allows an officer to seek permission from a supervisor to not impound a vehicle in this situation. And again, that really parallels what we see in the Illinois Vehicle Code where there's just a very limited circumstance that impoundment is required when someone is driving without a license. And that is when they also do not have insurance because it is tantamount to a disabled vehicle. So those two sections, I would argue, are not in conflict. Moreover, the specific provision here regarding towing off private property would take precedent over the more general provision of just impoundment generally. Now, since there's clear limits on the police's caretaking function when a vehicle is parked on private property and the Champaign Police Department's own policies and procedures specifically prohibited the removal of the vehicle in this situation, there was no lawful justification for the impoundment nor the resulting inventory search. If there are no further questions, I would just ask that this court affirm the decision of the trial court below granting the motion to suppress. Thank you, Ms. Kimball. Any rebuttal, Mr. Manchin? The only rebuttal I have is that it is a mandatory impoundment situation. The provisions of the Champaign policy has two different things for impoundment. It has driving without suspending and a separate one for driving where the vehicle does not have insurance so that you don't have to have both no driver's license and no insurance for it to be impounded. The officer here was faced with a quandary. He's got a car. He has to be impounded. What is he supposed to do with it? And I think acting in good faith under this policy, the officer was acted properly. Thank you, counsel. We'll take the matter under advisement to be in recess.